Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:22-CR-00082-TOR-1 |
|---|---|
| Plaintiff, | |
| v. | United States' Sentencing Memorandum |
| JOSHUA NATHAN MCFARLAND, | |
| Defendant. | |

Plaintiff, United States of America, by and through United States Attorney Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Assistant United States Attorney Richard R. Barker, submits the following sentencing memorandum. For the reasons set forth below, and consistent with the parties' Plea Agreement, the United States respectfully seeks a sentence of credit for time served to be followed by one year of supervised release.

### STATEMENT OF FACTS

As set forth in the Presentence Investigation Report (ECF No. 52) and the parties' Plea Agreement (ECF No. 37), on April 3, 2019, Defendant passed 17 counterfeit $50 Federal Reserve Notes to V.H. in Spokane, Washington. The bills were passed in exchange for a used car. Defendant later admitted to passing counterfeit currency in connection with fraudulent purchase of V.H.'s vehicle.

Government's Sentencing Memorandum - 1

**SENTENCING CALCULATIONS**

The government agrees with United States Probation that Defendant's total offense level is 7, criminal history category is III, and guideline range is 4–10 months. ECF No. 52, ¶ 207.

**SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)**

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The circumstances of the offense involve Defendant's intentional victimization of an innocent party by using counterfeit currency. While the offense conduct itself is less serious than many of the violent criminal acts charged in this District, Defendant's conduct has contributed to an epidemic of property crime in our community. Significantly, Defendant victimized V.H., an innocent civilian victim, taking V.H.'s car through a counterfeit transaction. The vehicle was later returned to V.H.[1]

As has historically been common in many of counterfeit cases referred by the U.S. Secret Service to the United States Attorney's Office in this District and accepted for criminal prosecution, Defendant's counterfeiting activities and other criminal behavior largely coincide with substance abuse. In this case, Defendant has a history of criminal activity that appears to stem from abusing methamphetamine. For example, he has prior convictions for theft in Spokane County Superior Court. ECF No. 52 at ¶ 54. He also has a history of drug distribution, *id.* at 69, and misdemeanor violence, *id.* at ¶¶ 64, 82, 88. Defendant's addiction plainly is manifest in this case as

---

[1] The United States has sought restitution information pertaining to the victims in this case. At this time, the United States does not have any further information pertaining to restitution.

Government's Sentencing Memorandum - 2

Defendant has violated his pretrial release on a number of occasions by using methamphetamine.

This history and his conduct in this case certainly give the government some measure of pause with respect to Defendant's likelihood of success on supervision, which this Defendant desperately needs to overcome his drug addiction. Nonetheless, on this evidentiary record, and coupled with Defendant's early acceptance of responsibly for conduct that occurred nearly four years ago, the United States believes supervision, rather than a lengthy period of incarceration, is appropriate at this time. It is not lost on the government that since 2019 – when Defendant committed the counterfeiting at issue in this case – Defendant has not been charged or arrested for other criminal offenses. Additionally, Defendant currently is employed, has successfully completed drug treatment, and has more recently maintained sobriety pending sentencing.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment, and promote respect for the law.</u>

Because Defendant's offense conduct in this case was non-violent and led to a relatively small monetary loss, a lengthy term of custody is not necessary in this case. Rather supervised release, with the accompanying restrictive conditions, is appropriate to reflect the seriousness of the offense and to provide just punishment for Defendant's conduct.

Moreover, in light of Defendant's violations of his pretrial release (*see generally* ECF 52), a period of supervision will require sacrifice and effort from Defendant. In this regard, supervised release, coupled with the prospect of incarceration if Defendant fails to comply with his release conditions, is necessary for Defendant to demonstrate respect for the law and to encourage him to address his substance abuse.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of Defendant</u>

Government's Sentencing Memorandum - 3

Deterrence will be difficult in this case, especially given Defendant's non-compliance with his pretrial release and criminal history. Defendant appears to have turned to illegal drugs and alcohol in the past when he has faced difficult situations, which have then led to further criminal conduct. Defendant also appears to use illegal narcotics to self-medicate. Nonetheless, the government is hopeful Defendant will be motivated to overcome adversity without illegal drug use, given he will face stiff consequences if he does not comply with his release conditions. Ultimately, the goal of supervised release, especially in this case, is to provide Defendant with the resources necessary to help him overcome his drug addiction.

4. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.</u>

The Guidelines ensure consistent sentences for similarly situated defendants across courtrooms, districts, and the country. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007). In this case, Defendant's guideline range is 4-10 months. Here, the government's recommended sentence is not far afield from the advisory guideline range.

**GOVERNMENT'S SENTENCING RECOMMENDATION**

The United States requests a sentence of credit for time served to be followed by 1 year of supervised release.

Respectfully submitted this 27ʰ day of April, 2023.

Vanessa R. Waldref
United States Attorney

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

Government's Sentencing Memorandum - 4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to counsel of record.

_s/ Richard R. Barker_
Richard R. Barker
Assistant United States Attorney
